## ENTERPRISE RECORDS, INCORPORATED, v. WERTZ.

### No. 5961.

United States Court of Appeals Fourth Circuit.

Argued Oct. 12, 1949.

Decided Nov. 7, 1949.

792

Israel Steingold, Richmond, Va. (Samuel A. Steingold and Maurice Steingold and Steingold & Steingold, Richmond, Va., on brief), for appellant.

Robert R. Gwathmey, III, and Edward P. Simpkins, Jr., Richmond, Va., for appellee.

Before SOPER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

DOBIE, Circuit Judge.

Enterprise Records, Incorporated, plaintiff-appellant, filed a civil action in the District Court of the United States for the Eastern District of Virginia against Dan M. Wertz, individually and trading as Wertz Music Supply Company, defendant-appellee, seeking to recover $4,211.28 with interest from June 1, 1947, for goods alleged to have been sold and delivered by plaintiff to defendant. The case was duly tried with a jury and judgment, in accordance with the jury's verdict, was entered in favor of the defendant. The District Court denied the motions of plaintiff for a directed verdict in its favor, notwithstanding the jury's verdict. Plaintiff has duly appealed to us.

The chief difficulty with this case, as too frequently happens, lies in the failure of the parties to make clear the precise terms of their contract, which are to be derived from letters passing between plaintiff and defendant and a subsequent telephone conversation between the two. Defendant operated a musical supply house in Richmond, Virginia, while plaintiff was a manufacturer of phonograph records in California. Defendant sought an exclusive distributor arrangement for selling in Virginia and certain counties in North Carolina the records manufactured by plaintiff. And such an arrangement in question, was finally worked out.

Plaintiff's contention that the contract here provided for an absolute sale of the records, coupled with a somewhat indefinite privilege of exchanging records not found to be saleable, for other records, was vigorously denied by the defendant. Relevant issues of fact in this connection were resolved against the plaintiff by the jury. Since there is substantial evidence to support this verdict, we are bound by it. We think, too, there are no valid grounds for plaintiff's objections to the court's charge to the jury.

A careful analysis of the evidence here, and no useful purpose would be served by discussing it in detail, convinces us that the transaction between the plaintiff and the defendant, with reference to these phonograph records, falls fairly into the legal category of a delivery of goods on consignment. Under such an arrangement, no title to the records passed to defendant, who was merely a bailee of the records with an agency involving the power to sell the records. Accordingly, the defendant was obligated to pay the plaintiff for, and only for, those records which the defendant sold. Clearly here there was not, in spite of plaintiff's contention to that effect, an absolute sale under which title to the records passed to the defendant. Nor can we make out a sale or return contract under which defendant would acquire title to the records delivered to him, with a power, by appropriate action on his part, to revest title to the records back in plaintiff.

It follows, then, that defendant cannot be held liable for the purchase price of all records delivered to the defendant by the plaintiff. It follows, too, that defendant is liable to the plaintiff under the terms of the contract for the agreed price of those records which the defendant has sold. Defendant admits his liability to this extent.

And the defendant must, of course, re-deliver to the plaintiff those records which the defendant has not sold.

The judgment of the District Court. is affirmed in so far as it holds the defendant not liable for the purchase price of all the records delivered by plaintiff to defendant. The case is remanded to the District Court with instructions to enter judgment in favor of plaintiff and against defendant for the contract price of the records which the defendant has sold.

Modified and remanded.